**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHANNON PATRICK GREENE, *Plaintiff*, | ) | No. 3:22-cv-00090 |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| POLICE OFFICER JOSEPH SCHARF, POLICE OFFICER MARTINEZ, and JOHNSTOWN POLICE DEPARTMENT, *Defendants*. | ) | |

**MEMORANDUM OPINION**

For the following reasons, this case will be dismissed for Plaintiff's failure to prosecute due to Plaintiff's failure to keep this Court informed of his current address and his failure to comply with Court Orders, including the Order dated May 30, 2023, wherein Plaintiff was directed to execute the necessary Release and contact defense counsel to schedule his deposition.

**A. Procedural History**

This case was initiated by Plaintiff Shannon Patrick Greene ("Plaintiff") on June 7, 2022. (ECF No. 1.) Plaintiff's Complaint was docketed after his Motion for Leave to Proceed *in forma pauperis* was granted on June 14, 2022. (ECF Nos. 3 & 4.) Defendants were served and filed an Answer to the Complaint on September 12, 2022. (ECF No. 13.) A Case Management Order was issued on September 15, 2022. (ECF No. 15.) Defendants then moved to extend the deadline of the filing of a dispositive motion, which the Court granted on May 30, 2023. (ECF Nos. 30 & 31.) The Court's Order dated May 30, 2023, also directed Plaintiff to execute the necessary Release to enable defense counsel to contact Plaintiff and then for Plaintiff to

immediately contact defense counsel by telephone or email so that his deposition could be scheduled. (ECF No. 31.) The Court's order was mailed to Plaintiff at his address of record, but it was returned to the Clerk's Office with a notation on the envelope that read "Unclaimed." (Staff note dated June 15, 2023.) On June 28, 2023, this Court issued an Order to Show Cause why this case should not be dismissed for Plaintiff's failure to prosecute due to Plaintiff's failure to keep his address updated. (ECF No. 32.) Plaintiff was directed to notify the Court of his current address by July 7, 2023, or risk dismissal of this case for his failure to prosecute. Id. That order also stayed the deadline for Defendants to file dispositive motions. Id. On July 6, 2023, Defendants notified the Court that Plaintiff also failed to comply with the Court's Order dated May 30, 2023, in that he had not executed the necessary Release nor contacted defense counsel so that his deposition could be scheduled. (ECF No. 33.) The Court's Order to Show Cause was returned to the Clerk's Office with a label affixed to the envelope that read "Return to Sender/Unclaimed/Unable to Forward." (Remark dated July 21, 2023.)

**B. Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim, and, under this Rule, "a district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order." Qadr v. Overmyer, No. 15-3090, 642 F. App'x 100, 102 (3d Cir. 2016) (*per curiam*) (citing Fed. R. Civ. P. 41(b)); *see also* Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b).")

The Third Circuit Court of Appeals has stated that "a district court dismissing a case *sua sponte* 'should use caution in doing so because it may not have acquired knowledge of the facts

it needs to make an informed decision.'" Qadr v. Overmyer, No. 15-3090, 642 F. App'x 100 at 103 (quoting Briscoe, 538 F.3d at 258). Before engaging in a *sua sponte* dismissal, "the district court 'should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders.'" Id. (quoting Briscoe, 538 F.3d at 258).

By the Court's Standing Practice Order for Pro Se Civil Rights Cases dated July 5, 2022, (ECF No. 9), Plaintiff was informed that he was under a continuing obligation to notify the Court of any change in his address by filing a "Notice of Change of Address," and further informed that his failure to do so could result in the dismissal of this case if the Court or the Defendants were not able to serve documents upon him because of his failure to keep his address of record current. Plaintiff has had ample opportunity to file a notice of change of address but failed to do so. Without knowing where to serve Plaintiff, he is unable to receive filings related to his case and therefore comply with Court orders.

**1. The *Poulis* Factors**

In Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted). In balancing the *Poulis* factors, no single factor is dispositive, nor do all factors need to be satisfied to result in dismissal of the complaint. Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008). However, in determining whether a dismissal is warranted, the Court must analyze the factors in light of the "strong policy favoring decisions on the merits."

Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019). The Third Circuit has emphasized that "dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court," and that they "must be a sanction of last, not first, resort." Poulis, 747 F.2d at 867-68, 869 (citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976)). "Cases should be decided on the merits barring substantial circumstances in support of the contrary outcome." Hildebrand, 923 F.3d at 132.

**2. Application of the *Poulis* Factors**

**a. The extent of the party's personal responsibility.**

"[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal." Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 873 (3d Cir. 1994). In determining personal responsibility for the delay, the Court must distinguish "between a party's responsibility for delay and counsel's responsibility." Hildebrand, 923 F.3d at 133 (citing Poulis, 747 F.2d at 868). A plaintiff is not conjecturally responsible for her counsel's delay. Id. Any doubt as to personal responsibility should be resolved "'in favor of reaching a decision on the merits.'" Id. at 138 (quoting Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002)).

Here, Plaintiff is proceeding *pro se*, so the responsibility for failing to update his address and comply with Court orders is his alone. Thus, this factor weighs in favor of dismissal.

**b. Prejudice to the adversary.**

Prejudice to the adversary is a substantial factor in the *Poulis* analysis; but like any other factor, it is not dispositive. Hildebrand, 923 F.3d. at 134. "Relevant examples of prejudice include 'the irretrievable loss of evidence[] [and] the inevitable dimming of witnesses' memories.'" Id. (quoting Scarborough v. Eubanks, 747 F.2d 871, 876 (3d Cir. 1984)). A party

is not required "to show 'irremediable' harm for [this factor] to weigh in favor of dismissal." Id. (quoting Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003)). If the opposition is unable to prepare "a full and complete trial strategy" then there is sufficient prejudice to favor dismissal. Id. (citation omitted).

Here, the ability to gather facts and documents to defend this case will diminish with the passage of time. Therefore, Defendants could suffer prejudice if the case were put on hold until Plaintiff chooses to update his address and comply with the Court's order to execute the necessary Release and contact defense counsel to schedule his deposition. Thus, this factor weighs marginally in favor of dismissal.

**c. A history of dilatoriness.**

A history of dilatoriness is generally established by repeated "delay or delinquency." Adams, 29 F.3d at 874. While once or twice is normally insufficient, this factor weighs in favor of dismissal where the plaintiff has a history of repeated delay. Hildebrand, 923 F.3d at 135 (citation omitted). In addition to repeated acts, "extensive" delay can also create a history of dilatoriness. Adams, 29 F.3d at 874. A "failure to prosecute" does not require that plaintiff take affirmative "steps to delay the trial … It is quite sufficient if [he/she] does nothing …. " Id. at 875 (citation omitted).

"While extensive delay may weigh in favor of dismissal, 'a party's problematic acts must be evaluated in light of its behavior over the life of the case.'" Hildebrand, 923 F.3d at 135 (quoting Adams, 29 F.3d at 875). Thus, where a plaintiff has not been previously delinquent the weight given to even a long delay should be mitigated. Id.

While Plaintiff does not have a history of dilatoriness, neither the Court nor the Defendants have any way to serve documents upon the Plaintiff, and therefore Plaintiff is

unaware of Court orders and actions he needs to take to comply with them. This is sufficient evidence, in the Court's view, to indicate that Plaintiff no longer desires to proceed with this action. Thus, this factor weighs in favor of dismissal.

**d. Whether the party's conduct was willful or in bad faith.**

In determining if plaintiff's conduct constituted willful or bad faith, the "court should look for 'the type of willful or contumacious behavior' that can be characterized as 'flagrant bad faith,' such as [a case history of] failing to answer interrogatories for nearly a year and a half, demanding numerous extensions, ignoring admonitions by the court, and making false promises to correct delays." Id. (citing Scarborough, 747 F.2d at 875 (citation omitted)). "Willfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 875. Although "[a] lengthy delay reflects 'inexcusable negligent behavior,' id. at 876, . . . that behavior alone does not rise to the level of willfulness or bad faith." Hildebrand, 923 F.3d at 135.

Finally, "[b]ecause the harsh sanction of dismissal should serve to deter bad faith or self-serving behavior, and because of our policy of favoring decisions on the merits, [in the absence of evidence] that the delay was not effectuated willfully or in bad faith, [this factor] should weigh against dismissal." Id. at 136.

There is no indication on this record that Plaintiff's failure was the result of any excusable neglect. Therefore, this factor weighs in favor of dismissal.

**e. Effectiveness of sanctions other than dismissal.**

A district court must thoroughly consider "alternative sanctions before dismissing a case with prejudice." Id. (citing Briscoe, 538 F.3d at 262). The court should also provide an analysis of effectiveness sufficient "to honor [the] longstanding tradition of favoring decisions on the merits." Id. In so doing, the court should be mindful that "[a]lternatives are particularly

appropriate when the plaintiff has not personally contributed to the delinquency." Poulis, 747 F.2d at 866 (citations omitted). "[A]lternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency." Hildebrand, 923 F.3d at 136. They are not required to be "completely amelioriative." Id.

Plaintiff is proceeding *in forma pauperis* in this case so it is unlikely that any sanction imposing costs or fees upon him would be effective. Therefore, the Court can see no alternative sanction that would be appropriate other than dismissal.

**f. Meritoriousness of claim or defense.**

"The standard for determining whether a plaintiff's claims are meritorious 'is moderate.'" Adams, 29 F.3d at 876. The standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim, and not a summary judgment standard, is applicable in a *Poulis* analysis. Id. at 869-70.

The United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." (Fowler [v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (citation omitted)]; *see also* Covington v. Int'l Ass'n of Approved Basketball Officials, 710 F.3d 114, 117-18, (3d Cir. 2013).

Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014).

In his Complaint, Plaintiff alleges that Defendants violated his rights by using excessive force to arrest him following an incident that occurred on March 29, 2022. Upon review, it

appears that Plaintiff has alleged sufficient facts to support a cognizable legal claim, and therefore this factor does not weigh in favor of dismissal. However, given that the majority of the *Poulis* factors do weigh in favor of dismissal, the case will be dismissed for Plaintiff's failure to prosecute. An appropriate Order follows.

Dated: July 28, 2023.

Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Shannon Patrick Greene
Gaudenzia Common Ground
3740 Chambers Hill Road
Harrisburg, PA 17111

Counsel for Defendants
(Via CM/ECF electronic mail)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHANNON PATRICK GREENE, | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 3:22-cv-00090 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| POLICE OFFICER JOSEPH SCHARF, | ) | |
| POLICE OFFICER MARTINEZ, | ) | |
| and JOHNSTOWN POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| *Defendants*. | ) | |

**ORDER**

**AND NOW**, this 28th day of July, 2023, and in accordance with the Memorandum Opinion issued simultaneously herewith, **IT IS HEREBY ORDERED** that this case is **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court shall mark this case **CLOSED**.

Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Shannon Patrick Greene
Gaudenzia Common Ground
3740 Chambers Hill Road
Harrisburg, PA 17111

Counsel for Defendants
(Via CM/ECF electronic mail)